UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KALVIN GILBERT,

    Plaintiff,

v.                                                          Case No. **3:17-cv-54-J-25 PDB**

CITY OF JACKSONVILLE,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Complaint (Dkt.1). Plaintiff did not pay a filing fee or file a motion to proceed *in forma pauperis*. Upon consideration, the Court finds as follows:

28 U.S.C. § 1915 provides in part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, § 1915(e) confers upon this Court the discretionary authority to dismiss an action, notwithstanding any filing fee, or any portion thereof, that may have been paid the court, if the Court is satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Denton v. Hernandez*, 504 U.S.

25 (1992).

Upon review of Plaintiff's Complaint herein, the Court finds that he fails to state a claim on which relief may be granted. Plaintiff asserts that on September 21, 2015, a state court judge erroneously entered an injunction against him and removed Plaintiff's child from his custody.

However, federal courts are courts of limited jurisdiction. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Stated differently, a Plaintiff cannot file an action in federal court as a substitute for an appeal in state court.

Notwithstanding that the Court must hold pro se Plaintiffs to a less stringent standard than that of lawyers, the Court finds that Plaintiff's Complaint is due to be dismissed. *Neitzke v. Williams*, 490 U.S. 325 (1989). Accordingly, it is

**ORDERED**:

Plaintiff's Complaint (Dkt. 1) is **DISMISSED** without prejudice. The clerk is directed to close the case.

DONE AND ORDERED this 8 day of March, 2017.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Pro se Plaintiff

2

Counsel of Record